[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION FOR ORDER (DOCKET ENTRY NO. 227) AND MOTION FOR SUMMARY JUDGMENT (DOCKET ENTRY NO. 224)
The instant action arises out of the suit brought by plaintiff Judy Confinante against defendant First National Supermarkets, Inc. (First National). In her amended complaint, Confinante alleges she sustained injuries on May 24, 1995, when she slipped and fell on the slippery area of the floor while she was patronizing a store[1] owned and controlled by First National. On April 29, 1998, First National filed a third party complaint in two counts against third party defendant, Gordon Strachan, doing business as Strong Maintenance Company (Strong Maintenance) First National alleges that at the time the plaintiff claims she was injured, Strong Maintenance was in charge of cleaning and maintaining the floors at the store where the incident occurred. Accordingly, First National alleges claims of common law indemnification and contract indemnification against Strong Maintenance. On November 6, 1998, First National served a request for six admissions on Strong Maintenance, to which Strong CT Page 6015 Maintenance failed to respond.[2]
Pending before the court are two motions. On January 1, 2001, First National filed a motion for summary judgment (#224) on its third party complaint as to liability only, arguing that the admissions are deemed admitted and, therefore, there exists no genuine issue of material fact as to liability. Strong Maintenance failed to file an opposing memorandum. However, on January 19, 2001, Strong Maintenance filed a motion for order (#227) requesting the court to permit it to amend or withdraw any admissions the court deemed admitted. First National timely filed an objection. If the court permits the deemed admitted admissions to be amended or withdrawn, then the motion for summary judgment fails. Accordingly, the court will first address the merits of the motion for order and then, to the extent applicable, the motion for summary judgment.
 MOTION FOR ORDER
In its motion, Strong Maintenance argues that First National failed to file notice of service of its request for admissions with the court, as required by Practice Book § 13-23(b).[3] Strong Maintenance bases its argument on the fact that the notice filing is missing from the official state of Connecticut judicial branch website, which lists the contents of the court file in a case. After having conducted a hand search of the original court file, the court finds that First National filed its notice of service with the court on November 10, 1998.[4]
However, Strong Maintenance also argues that First National failed to comply with Practice Book § 13-22(b) because Strong Maintenance was not served the notice until December of 2000.[5] Strong Maintenance fails to provide any documentation to substantiate this allegation. However, even if this later date is used for the purposes of computing the thirty days by which Strong Maintenance had to respond before the requested admissions were deemed admitted per Practice Book § 13-23
(a), Strong Maintenance never filed a response. The requested admissions are, accordingly, deemed admitted. At issue now is whether the court should permit Strong Maintenance to amend or withdraw these admissions.
The court "may permit the withdrawal or amendment when the presentation of the merits of the action will be subserved thereby and the party who obtained the admission fails to satisfy the judicial authority that withdrawal or amendment will prejudice such party in maintaining his or her action or defense on the merits." Practice Book § 13-24. See alsoMucci v. General Motors Corp., Superior Court, judicial district of Danbury, Docket No. 306260 (May 24, 1993, Moraghan, J.) (9 Conn.L.Rptr. 145, 146). CT Page 6016
Strong Maintenance argues that of the six admissions, three (notably numbers 3, 5 and 6) are untrue and that First National knew these requested admissions to be false when it made the request.[6]
Accordingly, Strong Maintenance moves the court to permit it to deny numbers 3, 5 and 6 of the request for admissions.[7]
In the requests at issue, First National requested that Strong Maintenance admit the following: that pursuant to the agreement, Strong Maintenance agreed to defend, indemnify and hold harmless Edwards and First National against any and all claims or causes of action which might have arisen from its activities on the premises of the store and which might have resulted in damage to persons or property for a period of time including May 24, 1995 (Request 3); Strong Maintenance arranged to have First National named as an additional insured on the certificate of insurance (Request 5); and Strong Maintenance procured the aforementioned certificate from First Financial Insurance Company with effective policy dates of September 12, 1994 to September 12, 1995. (Request 6.)
On the issue of impact on the merits of the action, Strong Maintenance contends that its ability to present the merits of its defense will be served by such amendment and First National will not be prejudiced if the court permits the amendment of these admissions. In objection, First National argues that it will be prejudiced if these admissions are withdrawn or amended.
If the court denies this motion, Strong Maintenance will have essentially admitted that it had an agreement to indemnify First National for any and all claims or causes of action that might have arisen from its activities at the Edwards store on the date of the incident and that Strong Maintenance arranged to have First National named as an additional insured on the certificate of insurance. Further, Strong Maintenance will have admitted that it procured the aforementioned certificate of insurance from First Financial Insurance Company with an effective policy date encompassing the date of the incident.[8] The court finds that these admissions would have a significant impact on Strong Maintenance's ability to present the merits of its defense.
On the issue of prejudice, First National only argues that it relied upon the admission of those requests and there is
insufficient time prior to the date of trial to reserve similar admissions.[9] Aside from this claim, First National fails to show it will be prejudiced in presenting the merits of its case. The court notes that First National may recover the reasonable expenses incurred in making that proof pursuant to Practice Book § 13-25 if, at trial, it proves the genuineness of the document or truth of the matter asserted in CT Page 6017 these admissions.[10] See CM Crocco Heating and Air ConditioningCo. v. Whiting Products, Inc., Superior Court, judicial district of New Haven at Meriden, Docket No. 261455 (May 18, 2000, Robinson, J.).
Strong Maintenance has shown that the merits of its defense will be served if it is permitted to amend its response to numbers 3, 5 and 6 of the request for admissions and First National has failed to show that the withdrawal or amendment will unduly prejudice it in presenting the merits of its case. Accordingly, the court grants the motion for order to amend or withdraw the request for admissions.
 MOTION FOR SUMMARY JUDGMENT
Based on the foregoing, there exists a genuine issue of material fact as to liability. Accordingly, the court denies First National's motion for summary judgment.
SKOLNICK, J.